# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SIDDHI KULKARNI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-00089-CV-RK |
| | ) |
| CHAD F. WOLF, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANTS' MOTION TO STAY AND FOR EXTENSION

Before the Court in this administrative appeal from the denial of Plaintiff Siddhi Kulkarni's naturalization is Defendants' motion to stay discovery and for an extension of the deadline to submit a joint proposed scheduling order until 30 days after the Court rules on the pending motion to dismiss. (Doc. 13.) Plaintiff filed suggestions in opposition on an expedited basis. (Doc. 15.) For the reasons below, and after careful consideration, the motion is **DENIED.**

## Background

The Court accepts the following allegations from the Complaint and the parties' briefs as true for purposes of ruling on the present motion. Plaintiff alleges that she was improperly denied naturalization through a program known as the Military Accessions Vital to the National Interest ("MAVNI") program. Essentially, MAVNI allows non-citizens a pathway to citizenship by serving in the U.S. military during "designated periods of hostility," which includes September 11, 2001, through the present. Applicants who have separated from the military must meet various criteria to qualify. Pertinent to this dispute, the applicant must have "served honorably" and "separated under honorable conditions." 8 U.S.C. § 1440(a). According to the governing statute, "[t]he executive department under which such person served shall determine whether persons have served honorably in an active-duty status, and whether separation from such service was under honorable conditions . . . ." *Id.*

Plaintiff enlisted in the U.S. Army under the MAVNI program. The Department of Defense ("DOD") then changed its policies and placed Plaintiff in a "delayed entry program." After two-and-a-half years of delay while the DOD conducted extensive background checks, Plaintiff was deployed to basic training, where she was severely injured. As a result of her injuries,

Plaintiff was discharged from the Army.  The Army's discharge form labels her "character of service" as "uncharacterized."

Following her discharge, Plaintiff sought to be naturalized as a U.S. citizen.  On a form submitted to the U.S. Citizenship and Immigration Services ("USCIS") to support her application for naturalization, the Army stated that Plaintiff served honorably but her separation was "uncharacterized."  According to Army Regulation 635-200-3-9, generally "[a] separation will be described as entry-level with service uncharacterized if processing is initiated while a Soldier is in entry-level status."  (Doc. 10-2 at 6.)  USCIS denied her application for naturalization on the ground that the Army did not certify that Plaintiff's separation was under honorable conditions.

Plaintiff then filed a lawsuit in the United States District Court for the District of Columbia, along with several other plaintiffs, alleging that it was unlawful for USCIS not to treat her "uncharacterized" separation as "under honorable conditions."  That court dismissed Plaintiff's claims for lack of subject-matter jurisdiction.  *Miriyeva v. U.S. Citizenship & Immigration Servs.*, No. CV 19-3351 (ESH), 2019 WL 7037540 (D.D.C. Dec. 21, 2019).  Plaintiff then filed the present administrative appeal in this Court under 8 U.S.C. § 1421(c), seeking a hearing, an order of naturalization, and declaratory and injunctive relief for alleged violations of 8 U.S.C. § 1440, the Administrative Procedures Act (APA), due process, and the Constitution's Uniform Rule of Naturalization Clause.  She names as defendants various officials in the U.S. Department of Homeland Security and USCIS in their official capacities.

On April 14, 2020, following Defendants' entry of appearance, the Court entered a standard Rule 16 Order, requiring the parties to hold a Rule 26(f) conference by May 14, 2020, and submit a joint proposed scheduling order by May 28, 2020.  On May 13, 2020, Defendants moved to dismiss this case for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10.)  Specifically, Defendants contend that Count 1 of the Complaint (regarding the alleged violation of § 1440) should be dismissed for failure to state a claim because the allegations lack merit.  Defendants argue that Counts 2 through 5 (regarding the alleged APA and constitutional violations) should be dismissed under the doctrine of collateral estoppel because the *Miriyeva* court dismissed those same claims and because the claims lack merit.  Plaintiff obtained an unopposed extension of time to respond to the motion to dismiss, and her suggestions in opposition are not yet due.

On May 21, 2020, Defendants filed the present motion to stay discovery and extend the deadline to submit a joint proposed scheduling order until 30 days after the Court rules on the motion to dismiss. (Doc. 13.) Given the short timeframe, the Court expedited Plaintiff's deadline to oppose Defendant's motion to stay (Doc. 14), which she has done (Doc. 15). On May 27, 2020, the Court temporarily stayed the parties' deadline to submit a joint proposed scheduling order pending the Court's ruling on the present motion.

## Discussion

The Court may stay discovery for good cause shown and "has broad discretion to control the scheduling of events in matters on its docket." Fed. R. Civ. P. 26(c)(1); *Jones v. Clinton*, 72 F.3d 1354, 1361 (8th Cir. 1996). As explained by another court in this district:

> A stay should be entered only where it is a proper exercise of the court's discretion, and the proponent of the stay bears the burden of establishing the need for a stay. In determining whether to grant a motion to stay discovery pending the outcome of a dispositive motion, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and judicial economy. . . . The filing of a motion to dismiss does not, by itself, constitute good cause for staying discovery.

*Blacktop, Inc. v. Edible Arrangements Int'l, LLC*, No. 4:14-cv-5-DGK, 2014 WL 12695690, at *1 (W.D. Mo. Apr. 30, 2014) (citations omitted).

With respect to the merits of Defendants' motion to dismiss, there appears to be some question about whether a motion to dismiss is an appropriate procedural mechanism to dispose of Plaintiff's administrative appeal. Under 8 U.S.C. § 1421(c), the Court's "review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." Although this issue is unclear to the Court from the parties' current briefing, it seems that even if Defendants are correct, the Court may be precluded from dismissing this case under Rule 12(b)(6).

Looking past this, Defendants make a strong showing that Plaintiff's "uncharacterized" discharge is insufficient to show she is entitled to naturalization under 8 U.S.C. § 1440. *See Oyebade v. Lee*, No. 1:09-CV-01054-LJM, 2010 WL 2927207, at *5 (S.D. Ind. July 21, 2010) ("The basic canons of statutory construction indicate that an Uncharacterized (Entry Level Separation) discharge is not an honorable separation from service within the meaning of [§ 1440], and therefore, a discharge of this type cannot give rise to eligibility for military

naturalization."). However, the Court does not have the benefit of full briefing on this issue because Plaintiff's opposition to the motion to dismiss is not yet due.

Furthermore, the logic of *Oyebade* would not apply to Plaintiff's additional claims in Counts 2 through 5, which allege APA and constitutional violations, and Plaintiff has raised a legitimate counter to Defendants' collateral estoppel argument with respect to these claims. To apply collateral estoppel, "the issue sought to be precluded must have been determined by a valid and final judgment" in the prior proceeding. *Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007) (citation omitted). In *Miriyeva*, the court declined to determine the merits of Plaintiff's claims because they could be raised in an administrative appeal such as the one before this Court. *Miriyeva*, 2019 WL 7037540, at *10 ("[P]laintiffs will be able raise these same arguments under § 1421(c), including their constitutional claims, as they are raising here."). And as for Defendants' alternative arguments that Counts 2 through 5 lack merit, the Court cannot say on the present record that Defendants are so obviously likely to prevail on their motion to dismiss that a stay should be entered.

Regarding the remaining factors for a stay, Defendants fail to meet their burden. They do not articulate what discovery they believe Plaintiff will propound, how burdensome they anticipate discovery to be, or what irreparable harm they will suffer if a stay is not entered. According to Plaintiff's counsel, "Plaintiff's goals are not served by a long and drawn-out period of discovery in this case," and she is apparently willing to stipulate to an expedited discovery and case management schedule. Although the situation may change as this case progresses, Defendants fail to show that a stay is appropriate under the present circumstances.

Regarding Defendants' request for an extension of time to submit a joint proposed scheduling order, because this Order is being entered on the same day as the parties' deadline, the Court finds good cause for a seven-day extension of time.

## Conclusion

Accordingly, Defendants' motion to stay discovery and for an extension of time to submit a joint proposed scheduling order is **DENIED**, and the temporary stay entered May 27, 2020 is **LIFTED.** The parties' deadline to submit a joint proposed scheduling order is now June 4, 2020.

**IT IS SO ORDERED.**

DATED: May 28, 2020

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT